# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

Theresa Moore,

      Plaintiff(s),

v.

Target Corporation,

      Defendant(s).

Case No. 2:25-cv-02317-CDS-NJK

**Order**

[Docket No. 12]

Pending before the Court is a stipulation to modify case management deadlines. Docket No. 12.

The stipulation seeks to revive the expired deadline to amend or add parties. *See id.* at 3. Such a request must be supported by a showing of both good cause and excusable neglect. Local Rule 26-3. The stipulation does not articulate any such showing.

The stipulation also seeks to extend unexpired discovery deadlines. Docket No. 12 at 3. A request to extend unexpired deadlines in the scheduling order must be premised on a showing of good cause. Fed. R. Civ. P. 16(b)(4); Local Rule 26-3. This analysis turns on whether the subject deadlines cannot reasonably be met despite the exercise of diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). The stipulation references that "the Parties seek additional time to obtain Plaintiff's medical records, schedule depositions of percipient witnesses and Plaintiff's treating providers, and conduct other discovery." Docket No. 12 at 2. That the parties want more time for discovery is not responsive to the governing standard, which turns on whether the current deadlines could not reasonably be met through the exercise of diligence. The stipulation does not articulate any such showing.[1]

---

[1] The stipulation also references that the parties have "preliminarily discussed potential resolution, which may include informal and formal resolution efforts, such as private mediation." Docket No. 12 at 2. Such reasoning fails to establish good cause. *Williams v. James River Grp. Inc.*, 627 F. Supp. 3d 1172, 1181 (D. Nev. 2022) (collecting cases).

Accordingly, the stipulation is **DENIED** without prejudice.

IT IS SO ORDERED.

Dated: March 9, 2026

_____
Nancy J. Koppe
United States Magistrate Judge

2